IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JIMMY BRASSFIELD**                                                       **PLAINTIFF**

**v.**                                                               **CAUSE NO.:**   1:17cv175-MPM-DAS

**EVERGREEN HAULING, LLC**                                **DEFENDANTS**
**AND JOHN DOES 1 -20,**
**Individually**

## COMPLAINT
## JURY TRIAL DEMANDED

For his Complaint against Evergreen Hauling, LLC, and John Does 1-20, Individually ("Defendants"), Plaintiff, Jimmy Brassfield, ("Plaintiff") states and alleges upon information and belief as follows:

### SUMMARY

1.  Defendants failed to pay Plaintiff a minimum wage, and failed to pay over time wages pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA").

### JURISDICTION & VENUE

2.  This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

3.  Venue is proper under 28 U.S.C. § 1391, because Defendants are doing business and have a principal place of business in this district and, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiff, Jimmy Brassfield, is an adult resident of Lee County, Mississippi, and worked as a truck driver for Defendant, Evergreen Hauling, LLC, during the relevant statutory period, beginning in January 2017 to present. Plaintiff, Jimmy Brassfield was Defendants' employee within the meaning of FLSA, 29 U.S.C. § 203(e). Said driving consisted of driving trucks loaded with wood chips and unloaded trucks on property owned by Defendants' customers with no driving on public roads.

5. Evergreen Hauling, LLC is a Domestic Limited Liability Company, with their principal place of business in Fulton, Itawamba County, Mississippi. It may be served with process through its registered agent, Charles Blackmon, 619 Beams Drive, Eufaula, AL 36027.

6. Defendants' gross volume of sales of their goods and services exceeds $500,000 per year, exclusive of excise taxes, and Defendants conduct their aforesaid businesses in interstate commerce. Defendants, Evergreen Hauling, LLC, and John Does 1-20 engaged in hauling items for various companies. The Annual Dollar Volume (ADV) from the sale of said goods and services of these individual enterprises is in the multi-million dollar range which is greatly in excess of the required ADV of $500,000 for FLSA enterprise coverage under 29 U.S.C. 203(s)(1)(A). Plaintiff is covered on an individual basis under FLSA since he is engaged in the sale of and providing of goods and services for interstate commerce. 29 U.S.C. 216(b) permits the Plaintiff to bring private law suits to collect back wages on behalf of himself.

7. Defendants are covered employers pursuant to the FLSA, 29 U.S.C. 203(s)(1)(A). Plaintiff is a covered employee under the FLSA.

8. John Does 1-20 along with Defendant, Evergreen Hauling, LLC, are employers of

Plaintiff acting with Defendant, Evergreen Hauling, LLC in committing violations of FLSA as alleged herein. John Does 1-20 acted as employers, under 29 U.S.C. 203(d) to Plaintiff in that they directed Plaintiff's work. Their true identities are not yet known to Plaintiff. Plaintiff will move to amend and assign their true identities once known to Plaintiff.

## FACTS

9. Plaintiff brings this pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff worked for Defendants as a truck driver beginning in January 2017, and continues such employment with Defendants.

10. During the relevant statutory period, Plaintiff regularly worked over forty (40) hours per week without receiving proper compensation for his overtime hours worked.

11. As above outlined, at the times pertinent to this Complaint, Defendants failed to comply with the Fair Labor Standards Act, in that Plaintiff worked for Defendants in excess of the maximum hours provided by the Act, but provision was not made by Defendants to pay Plaintiff payment for work in excess of the maximum hours provided for by statue at the rate of time and a half his regular rate of pay. Moreover, Plaintiff has been forced by Defendants to work for periods during which the minimum wage provided for in the Act was not paid and more particularly for which no payment whatever was made by Defendants to Plaintiff all in violation of the Fair labor Standards Act.

12. Plaintiff was employed as a truck driver, and was not in a management position that would make him an exempt employee under FLSA. Furthermore, Plaintiff's driving was limited to the premises of Defendants, or their customers and not on public roads.

## COUNT I

## FAIR LABOR STANDARDS ACT

## Overtime Violations

13. Pursuant to 29 U.S.C. § 216(b). Plaintiff is currently and has been employed by Defendants at any of their locations identified herein as a truck driver of Defendants spot driving trucks of Defendants loaded with wood chips for sale to Defendants' customers.

14. During the applicable statutory period, Plaintiff routinely worked in excess of forty (40) hours per week without receiving overtime compensation for all overtime hours worked, and hence, also was not receiving minimum wages. Defendants were aware that Plaintiff was working overtime hours because Plaintiff was required to work such hours by agents/employees of Defendants. Hence, Defendants were aware of the specific times Plaintiff was working at each job site as required by Defendants.

15. Although he regularly worked more than forty (40) hours per week, Plaintiff did not receive proper overtime pay from Defendants.

16. During the applicable statutory period, Defendants failed to keep accurate time records for all hours worked by Plaintiff pursuant to 29 U.S.C. 211(c), FLSA.

17. Defendants' conduct as described above was willful and in bad faith. Defendants received numerous complaints from Plaintiff regarding Defendants' failure to pay overtime pay for hours worked over forty (40) per week. When Plaintiff inquired of Defendants' agents and supervisors about why he was not paid overtime, Defendants explained that Defendants simply did not pay for such overtime for such work and threatened to terminate Plaintiff for further complaints. Said conduct of Defendants constitutes a violation of 29 U.S.C. 215(a)(3).

18. These practices violate the provision of the FLSA, 29 U.S.C. § 201, et seq. including, but not limited to, 29 U.S.C. § 206. As a result of these unlawful practices, Plaintiff has suffered

loss of wages.

19. Plaintiff also seeks liquidated damages for Defendants' intentional and knowing acts of failure to pay Plaintiff wages as alleged herein. By reason of Defendants' refusal to pay the unpaid minimum wages and overtime due Plaintiff, it has been necessary for him to employ an attorney to prosecute this cause for him, and incur a reasonable charge for his attorney's fees.

20. Plaintiff re-alleges and incorporates the above paragraphs by reference as if fully set forth herein.

21. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per work week.

22. Defendants required Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

23. Defendants' actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

24. Defendants knew, or showed reckless disregard for the fact, that they failed to pay overtime compensation in violation of the FLSA.

25. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages. Plaintiff is entitled to wages or unpaid wages, liquidated damages, and attorney's fees and costs incurred in connection with this claim.

26. By failing to accurately record, report, and/or preserve records of hours worked by

Plaintiff, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

28. Defendants instituted a policy and practice of failing to pay Plaintiff the prevailing minimum wage and failure to pay over time wages properly. Such policy and practice was intentionally and willfully instituted and followed, and violates the FLSA 29 U.S.C. 206 and 29 U.S.C. 207(a).

29. Defendants knew or should have known that their policies and practices relating to the non-payment of minimum wages and over time violate the FLSA.

30. Defendants have not made a good faith effort to comply with the FLSA.

31. Rather, Defendants have knowingly, willfully, and/or with reckless disregard, carried out, and continue to carry out their illegal payment practices in violation of the FLSA as above outlined.

32. Plaintiff is entitled to the difference between his hourly rate and the minimum wage for all hours worked, and the amount he received from Defendants for compensation, and one and one-half such amount of wage for overtime hours worked.

33. Plaintiff re-alleges and incorporates all averments set forth in Paragraphs 1 through 32 above as if fully incorporated herein. Defendants fraudulently misrepresented to the Plaintiff that he was not owed overtime wages because he was an exempt employee under the FLSA while intentionally

and falsely representing hours worked and failed to pay overtime for same.

34. In addition, Plaintiff is entitled to an amount equal to his unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action. 29 U.S.C. § 216(b).

## COUNT II

### FRAUDULENT MISREPRESENTATION

35. Plaintiff re-alleges and incorporates all averments set forth in Paragraphs 1 through 34 above as if fully incorporated herein.

36. Defendants fraudulently misrepresented to Plaintiff that he was not owed overtime wages or minimum wages, and further intimidated, harassed, and threatened termination of Plaintiff when inquiry was made regarding payment of overtime wages or minimum wages.

### JURY DEMAND

37. Plaintiff demands a trial by jury of this action

### PRAYER

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. That the practices of Defendants complained of herein be determined and adjudicated to be in violation of the FLSA, 29 U.S.C. § 201 et seq.;

B. That the practices of Defendants complained of herein be determined to be a willful violation of the FLSA, 29 U.S.C. § 201 et seq.;

C. For damages in the amount of Plaintiff's unpaid minimum wage and overtime wages, an equal amount as liquidated damages, interest, all costs and attorney's fees incurred in prosecuting this claim, and all other relief available under the FLSA;

D. Plaintiff demands a trial by jury.

E. That Plaintiff be granted leave to amend this Complaint to add state law claims if

necessary; and

F.    For all such other relief as the Court deems equitable and just.

Respectfully submitted,

*W. Howard Gunn*
**W. HOWARD GUNN**
**ATTORNEY FOR PLAINTIFF**

**W. HOWARD GUNN & ASSOCIATES, LLC**
**310 SOUTH HICKORY STREET**
**P. O. BOX 157**
**ABERDEEN, MS 39730**
**MS BAR NO.: 5073**
**PHONE: 662-369-8533**
**FAX:   662-369-9844**
whgunn@bellsouth.net